IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LYNETTE SMITH, | § | |
| | § | |
| Defendant Below, | § | No. 346, 2014 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID No. 1206011052 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: September 29, 2014
Decided:     October 23, 2014

Before **HOLLAND**, **RIDGELY**, and **VALIHURA**, Justices.

**O R D E R**

This 23rd day of October 2014, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Lynette Smith, filed this appeal from the Superior Court's sentence for her second violation of probation ("VOP"). The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Smith's opening brief that her appeal is without merit.[1] We agree and affirm.

---

[1] Supr. Ct. R. 25(a).

(2)     The record reflects that Smith was indicted for Theft and multiple counts of Unlawful Use of a Credit Card in November 2012.  On March 26, 2013, Smith pled guilty to Theft.  The Superior Court immediately sentenced Smith to three years of Level V incarceration, suspended for one year of Level III probation and six months of Level II probation.  Smith was also required to pay restitution, undergo evaluation for substance abuse, and follow any recommendations for substance abuse treatment.   Smith did not appeal.

(3)     On January 8, 2014, an administrative warrant charging Smith with her first VOP was issued.  The charges included failure to report to the probation officer as directed, positive drug tests for cocaine, and failure to comply with substance abuse treatment.  On February 19, 2014, the Superior Court found Smith in violation of her probation.   Smith was sentenced to three years of Level V incarceration, suspended for eighteen months of Level IV home confinement, suspended after sixth months for Level III probation.  Smith did not appeal.

(4)     On June 4, 2014, an administrative warrant charging Smith with her second VOP was issued.   The charges included use of cocaine and multiple unauthorized leaves from home confinement.  Smith appeared before the Superior Court on June 18, 2014.  The Superior Court found Smith in violation of her probation.  Smith was sentenced to three years of Level V incarceration, suspended after successful completion of the Key program for two years of Level IV

2

supervision, suspended after successful completion of the Level IV Crest program for Level III Crest Aftercare. This appeal followed.

(5) In her opening brief, Smith claims: (i) she was denied the right to present witnesses on her behalf and otherwise defend herself at the VOP hearing; (ii) there were medical reasons for her failure to return home by curfew; (iii) her counsel was ineffective; (iv) she was sentenced based on her juvenile and adult criminal history without a pre-sentence investigation; (v) she was coerced into making a statement and the probation officer committed perjury; and (vi) the sentence was excessive and too harsh. We find no merit to these arguments.

(6) Smith did not seek to present any witnesses at the VOP hearing. Appellate review of Smith's claim that she was denied the right to present witnesses is therefore waived absent plain error.[2] There is no indication Smith sought the presence of the witnesses identified in her opening brief at the VOP hearing or to present testimony of those witnesses on her behalf. The record reflects that Smith was represented by counsel at the VOP hearing, spoke on her own behalf, and admitted to violating the terms of her probation. Under these circumstances, there is no merit to Smith's claim that she was denied the right to present witnesses or to defend herself at the VOP hearing.

---

[2] Supr. Ct. R. 8.

(7)     Smith appears to claim that several of her curfew violations should be excused because those violations occurred while she was recovering from knee surgery and unable to return to her home by curfew.  Smith did not make this argument at her VOP hearing.  At the VOP hearing, Smith admitted to using cocaine and leaving her apartment without authorization to take out the trash or babysit for a friend.

(8)     In a VOP hearing, unlike a criminal trial, the State is only required to prove by a preponderance of the evidence that the defendant violated the terms of his/her probation.[3]  A preponderance of the evidence means "some competent evidence" to "reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation."[4]  Regardless of Smith's new explanations for her curfew violations, Smith's admission at the VOP hearing to using cocaine constituted sufficient competent evidence to revoke her probation.[5]  As for Smith's claim that her appointed counsel was ineffective, this Court will not consider that claim for the first time on this direct appeal.[6]

---

[3] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006).

[4] *Id.* (quoting *Collins v. State*, 897 A.2d 159, 160 (Del. 2006)).

[5] *Collins v. State*, 897 A.2d at 160.

[6] *Barnes v. State*, 2014 WL 60963, at *1 (Del. Jan. 7, 2014); *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).

(9) Smith's attacks on her sentence are also without merit. This Court's appellate review of a sentence is extremely limited and generally ends upon a determination that the sentence is within the statutory limits prescribed by the legislature.[7] If the sentence is within statutory limits, the sentence will not be disturbed on appeal unless the defendant can establish that the sentencing judge relied on impermissible factors or exhibited a closed mind.[8]

(10) Smith complains that the Superior Court sentenced her based on her juvenile and adult criminal record, but the transcript of the VOP hearing reflects that the Superior Court was most concerned by her cocaine use. Smith also fails to identify any authority in support of her contention that the Superior Court was required to obtain a pre-sentence investigation before sentencing her for her second VOP. As far as the length of Smith's sentence, the Superior Court could impose any period of incarceration up to and including the balance of the Level V time remaining on the February 19, 2014 sentence (three years).[9] The Superior Court did not exceed that amount of time in imposing a Level V sentence of three years, which was suspended for decreasing levels of supervision after Smith's successful completion of the Key program.

---

[7] *Kurzmann*, 903 A.2d at 714.

[8] *Weston v. State*, 832 A.2d 742, 746 (Del. 2003).

[9] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).

(11)   Finally, Smith fails to substantiate her conclusory statements that she was coerced into making a statement and that her probation officer committed perjury at the VOP hearing.  In the absence of any evidence or argument in support of these conclusory statements, we conclude that Smith's coercion and perjury claims are without merit.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Henry duPont Ridgely
Justice

6